UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KLAUDIUSZ MARCZUK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-02991-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP Application – ECF No. 1) |

This matter is before the court on Plaintiff Klaudiusz Marczuk's Application to Proceed *In Forma Pauperis* (ECF No. 1). This application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice.

**I.    IN FORMA PAUPERIS APPLICATION**

Mr. Marczuk is proceeding in this action *pro se*, which means he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Marczuk has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed IFP will be granted and the court will review the proposed complaint (ECF No. 1-1).

**II.   SCREENING THE COMPLAINT**

Federal courts must screen any IFP complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If an IFP complaint states a plausible claim for relief, the court will direct Clerk's Office to issue

1

summons to the defendant(s) and instruct the plaintiff to serve the summons and complaint within 90 days of the screening order authorizing service of process. *See* Fed. R. Civ. P. 4(m). Unless and until the court determines that a complaint states a plausible claim for relief, the court will not direct the Clerk of the Court to issue summons to the defendant(s). If the court finds that the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A. Legal Standard

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id.*; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The standard for determining whether a plaintiff fails to state a claim under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720

---

[1] Any reference to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. For the purpose of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira*, 873 F.3d at 678 (citing *Iqbal*, 556 U.S. at 680; *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

### B. Mr. Marczuk's Factual Allegations and Claims for Relief

The proposed Complaint (ECF No. 1-1) names as defendants the Las Vegas Metropolitan Police Department ("LVMPD") and John Turchetto, a background investigator. Mr. Marczuk asserts that defendants wrongfully terminated his employment application to be an LVMPD officer. Marczuk alleges that he was going through the hiring process to become a police officer in December 2004. He reached the final step of a background investigation and thought he would have no problem passing. However, his application was derailed by one person who discriminated against him based on his national origin. Mr. Marczuk seeks $100 million for emotional distress damages.

### C. Analysis of Mr. Marczuk's claim

The court finds that the proposed Complaint is time-barred and, therefore, fails to state a claim upon which relief can be granted. Because this deficiency cannot be cured by amendment, the court recommends dismissal with prejudice.

Mr. Marczuk's complaint was submitted on the court's form for civil rights complaints pursuant to 42 U.S.C. § 1983. However, his allegations indicate he is attempting to bring a claim for employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII"). Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin. *See* 42 U.S.C. § 2000e-5. In this case, Marczuk alleges discrimination on the basis of national origin.

The purpose of a statute of limitations " 'is to require diligent prosecution of known claims, thereby providing finality and predictability in legal affairs and ensuring that claims will be resolved while evidence is reasonably available and fresh'." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018) (quoting *Statute of Limitations*, Black's Law Dictionary (10th ed. 2014)). The Ninth Circuit has recognized two effective limitations periods for Title VII claims:

> First, a claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency … and receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1); *Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002). The charge must be filed within 180 days after the allegedly unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1). Second, after exhausting administrative remedies, a claimant has 90 days to file a civil action. 42 U.S.C. § 2000e-5(f)(1).

*Scott*, 888 F.3d at 1106. Although the 90-day period for filing a civil action does not begin until an aggrieved person receives the EEOC's notice of the right to sue, " 'it becomes inequitable at some point for the employee to delay filing suit'." *Id.* at 1111 (quoting *Lynn v. W. Gillette, Inc.*, 564 F.2d 1282, 1286–87 (9th Cir. 1977)); *see also E.E.O.C. v. Alioto Fish Co.*, 623 F.2d 86, 88–89 (9th Cir. 1980) (recognizing that a Title VII action was time-barred where the lawsuit was filed 62 months after the employee filed an administrative charge).

Here, Mr. Marczuk alleges that defendants' discriminatory conduct occurred in December 2004—approximately 13 years prior to filing the Complaint. Marczuk has not alleged that he exhausted his administrative remedies by filing a charge of discrimination, which is a prerequisite

to filing a Title VII lawsuit in federal court. But even if he had, the 90-day period for filing a civil action would have expired many years ago. Any allegation of timeliness would not be plausible. In Nevada, the statute of limitations for tort claims ranges from two–four years and the limitations period for contract claims is six years. *See* NRS 11.190. It is clear from the face of the complaint that any claim Mr. Marczuk may allege under Title VII or Nevada law would be time-barred. *See Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015) (affirming dismissal without leave to amend where it was "clear that no amendment could overcome the statute of limitations bar").

### D. Amendment is Futile

When a court dismisses a complaint upon the initial screening, a plaintiff is typically given leave to amend the complaint unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). The court has no obligation to grant leave to amend when it clearly determines that "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

In this case, no colorable grounds exist to support a plausible Title VII claim because the alleged discrimination occurred over 13 years before Mr. Marczuk filed the complaint. Any amendment by Marczuk would therefore be futile. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"); *Johnson v. American Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) (no colorable grounds exist if the amendment is not sufficient to withstand a motion to dismiss or a motion for summary judgment). Thus, the court recommends dismissal with prejudice.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Klaudiusz Marczuk's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.
2. The Clerk of the Court shall FILE the proposed Complaint (ECF No. 1-1) but ***SHALL NOT*** issue summons.

5

**IT IS RECOMMENDED** that:

1. The Complaint be **DISMISSED with prejudice** for failure to state a claim.
2. The Clerk of the Court be instructed to enter judgment accordingly.

Dated this 13th day of February, 2019.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.